IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHERYL JEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-543 |
| | § | |
| DOW CHEMICAL COMPANY, INC. LONG | § | |
| TERM DISABILITY INCOME PROTECTION | § | |
| PLAN and METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF INTENTION TO TAKE DEPOSITION UPON WRITTEN QUESTIONS AND MOTION FOR PROTECTIVE ORDER**

I.

This ERISA case arises out of a dispute over long-term disability benefits. Now before the Court is the Motion to Quash Plaintiff's Notice of Intention to Take Deposition Upon Written Questions and Motion for Protective Order by Defendant Metropolitan Life Insurance Company ("MetLife"). For the following reasons, MetLife's Motion is hereby **DENIED**, subject to the conditions set forth below.

II.

Cheryl Jez ("Plaintiff") has sued to overturn the administrative denial of her claim for long-term disability benefits. Plaintiff noticed the deposition upon written questions of the custodian of records for Elite Physicians, Ltd., the company through which MetLife hired an independent physician consultant, Dr. Tanya Lumpkins, to review Plaintiff's records. Plaintiff has asked the custodian of records to produce Plaintiff's complete file. MetLife does not object to this request.

(Def.'s Mot. at 3.)  Therefore, to the extent that MetLife's Motion concerns this request, the Motion is hereby **DENIED**.

Plaintiff has also requested the production of all contracts and payments made to Dr. Lumpkins.  MetLife originally contested the production of this information, but it later conceded that it did not have standing to challenge this portion of the subpoena duces tecum.  (Def.'s Mot. at 3; Def.'s Reply at 2.)  Therefore, MetLife's Motion as it concerns this request is hereby **DENIED**.

Finally, Plaintiff has requested production of the number of files that MetLife and its affiliated companies have referred to Network Medical Review ("NMR") and NMR affiliated companies or entities, including Elite Physicians, Ltd., by year; how much MetLife and its affiliated companies pay for a review; and how much in total, by year, MetLIfe and its affiliated companies have paid to NMR and NMR affiliated companies or entities, including Elite Physicians, Ltd. MetLife vigorously contests this request on the ground that it is not likely to lead to admissible evidence.  Plaintiff claims that MetLife does not have standing to challenge a subpoena issued to a non-party.

For a party to have standing to challenge a subpoena issued to a non-party, the party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed."  *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  MetLife asserts that it does have a personal right of privacy in these documents because they concern contracts between MetLife and NMR.  The case law on what constitutes a "personal right or privilege" is scarce; the courts that have considered the issue have generally found standing when the party had an evidentiary privilege as to the documents.  *See, e.g., Hunter v. Copeland,* No. Civ. A. 03-2584, 2004 WL 1161368, at *1 n.1 (E.D. La. May 24, 2004) (attorney-client privilege); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (psychotherapist-patient

privilege); *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of N.Y.*, 519 F. Supp. 668, 680 (D. Del. 1981) (attorney-client privilege).  Because the Court finds for Plaintiff on other grounds, the Court need not delve into the validity of MetLife's assertion of a personal right or privilege.  For the purposes of this Motion, the Court assumes that MetLife does have a personal right or privilege in the contested information.

The Parties agree that Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").  Under ERISA, an employee whose claim for benefits is denied by an administrator may appeal that denial in federal court.  *See* 29 U.S.C. § 1132(a)(1)(B).  When a plan administrator has discretion in determining eligibility for benefits, as the administrator did in this case, the court reviews that decision only for abuse of discretion.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989); *Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 213 F.3d 516, 521 (5th Cir. 2000).  The court may only consider information contained in the administrative record–that is, the information before the administrator at the time he or she made the decision–when it reviews the administrator's factual determinations.[1]  *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299-300 (5th Cir. 1999).  MetLife claims that the records requested by Plaintiff will not, therefore, be admissible, because the Court may not consider information outside the record in deciding whether the administrator's decision to deny benefits was an abuse of discretion.

However, Plaintiff argues that the information will be relevant to show a conflict of interest on the part of MetLife.  When an administrator has a conflict of interest, the reviewing court applies

---

[1] The court may consider additional evidence explaining medical terms or relating to plan interpretation; neither is at issue here.  *See Vega*, 188 F.3d at 299.

a "sliding scale" abuse of discretion standard to its review of the factual determination.² *See Vega*, 188 F.3d at 297-99. As the Fifth Circuit has recognized, it is nearly impossible for a plaintiff to show a conflict of interest without going beyond the administrative record. *See Kergosien v. Ocean Energy, Inc.,* 390 F.3d 346, 356 (5th Cir. 2004) ("There is no practical way for the extent of the administrator's conflict of interest to be determined without the arbitrator going beyond the record of the administrator."); *see also Lain v. UNUM Life Ins. Co.,* 279 F.3d 337, 343 n.7 (5th Cir. 2002) (discussing outside evidence relevant to district court's determination of the proper level of deference); *Vega*, 188 F.3d at 301 (discussing evidence outside the administrative record in determining the level of conflict of interest that existed); *McClure v. Vice President, Human Res., Union Carbide Corp.*, No. Civ. A. H030054, 2005 WL 1214645, at *3 n.10, *12 (S.D. Tex. May 20, 2005) (applying *Kergosien* to allow consideration of limited evidence outside the administrative record on the issue of conflict of interest only). While evidence outside the record may be admissible to show the existence and extent of a conflict of interest, it is only admissible on the issue of what standard the court should apply in reviewing the administrator's decision. Such evidence is not admissible to show that the administrator's decision was unreasonable or incorrect. *See Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 332-33 (5th Cir. 2001); *Vega*, 188 F.3d at 298. The reviewing court must look only at the administrative record in making that determination. *See id.*

Because this information may be relevant to Plaintiff's argument that the administrator had a conflict of interest, the Court **DENIES** MetLife's Motion. However, this discovery is limited to records from January 1, 2001, to October 20, 2003, the date Plaintiff was notified of the denial of her claim. The request should be precisely tailored to evidence demonstrating a conflict of interest. The

---

²When a party is both the insurer and administrator of the plan, the Fifth Circuit has recognized an inherent conflict of interest. *See Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001); *Vega*, 188 F.3d at 295.

production of other records is not reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Also, by allowing this discovery, the Court is not making any ruling on the admissibility of any evidence obtained thereby. As noted above, the Court will not consider evidence outside the administrative record on the issue of whether the administrator abused his or her discretion in denying Plaintiff's claim. Even if the administrator unreasonably denied claims in every other case, the Court must uphold the decision in *this* case unless the record does not support the denial. *See Vega*, 188 F.3d at 302.

IV.

For the above-stated reasons, MetLife's Motion to Quash Plaintiff's Notice of Intention to Take Deposition Upon Written Questions and Motion for Protective Order is hereby **DENIED**, with the following condition: Plaintiff's request for records relating to the relationship between MetLife and NMR is limited to records from January 1, 2001, to October 20, 2003. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 15th day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge